**LAW OFFICES OF CHARLES R. PERRY**
Charles R. Perry (SBN 124828)
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 800-3937
Telecopier: (415) 869-2822
E-Mail: rick@crperrylaw.com

Attorneys for Applicant
DALYA MICHAL EHRMAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In Re:<br><br>DALYA MICHAL EHRMAN,<br><br>Applicant. | Case No.<br><br>**EX PARTE APPLICATION BY DALYA MICHAL EHRMAN FOR SUBPOENA DUCES TECUM FOR DOCUMENTS TO BE USED IN FOREIGN PROCEEDINGS [28 U.S.C. § 1782]**<br><br>**MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT OF APPLICATION** |

## STATEMENT OF RELIEF REQUESTED

DALYA MICHAL EHRMAN ("Ehrman") hereby applies to this Court *ex parte* for a subpoena to be issued to Google, Inc. ("Google") for documents that Ehrman intends to use in legal proceedings in both Israel and France. The documents Ehrman intends to request are as follows:

1. All communications to or from Google with anyone that constitute, mention, or discuss a request under French law that Internet search results on www.google.fr regarding Raphael Darmon ("Darmon") be suppressed or deleted, which communication is dated on or after January 1, 2012;

2. All communications between Google on the one hand, and Raphael Darmon ("Darmon"), 1&1 Internet, Inc ("1&1"), or any attorneys or agents of Darmon or 1&1 on the other; which occurred between September 1, 2012 and the present; and which mention or refer to one or more of the following subjects:

A. Ehrman;

B. The websites raphaeldarmon.com, raphaeldarmon.wordpress.com, www.sh1tlawyerssay.wordpress.com, and www.xpressreleasewire.com (the "Relevant Websites"), with respect to posts on those sites that mention, discuss, or refer to Darmon;

C. Any litigation between Ehrman and Darmon in either Israel or France (the "Foreign Litigation"), which is identified in Paragraphs 2 and 3 of the Statement of Facts Supporting Application below;

D. Any order issued in the Foreign Litigation; and

E. Any actual or requested suppression of Internet search results for Darmon when Darmon's name is searched using the search engine located at www.google.fr.

A draft subpoena for the requested documents is submitted herewith as Exhibit A.

**STATEMENT OF FACTS SUPPORTING APPLICATION**

Ehrman bases this application on the following facts:

1. Ehrman is a citizen of the United States and Israel, and currently resides in Israel (Declaration of Dalya Michal Ehrman ("Ehrman Decl.")) ¶ 2.

2. Ehrman and Darmon are both parties in each of the following pieces of litigation, all of which are still pending before their respective courts:

A. Civil Action No. 6184-07-13, *Darmon v. Ehrman*, at The Magistrate's Court in Tel Aviv, Israel;

B. Private Complaint No. 18786-09-14, *Darmon v. Ehrman*, at The Magistrate's Court in Jerusalem, Israel;

C. Parquet 15047000713 *Darmon v. Ehrman*, at the Tribunal de Grande Instance of Paris, France.

3. Ehrman and Darmon were also both parties in an action entitled *Darmon v. Ehrman*, Case No. TH 1246-10-12, before The Magistrate's Court in Tel Aviv, Israel ("the First Action"). That action is now closed (Ehrman Decl., ¶ 4). The four pieces of litigation listed in Paragraphs 2 and 3 are collectively referred to as the "Foreign Litigation."

4. The official records of Cases 6184-07-13 and TH 1246-10-12 are closed to the public, and no docket is available on line. Ehrman can obtain copies of records from those two cases only by going to the courthouse and showing her identification, to establish that she is a party to those cases (Ehrman Decl., ¶ 5). Official orders in the case are marked to show they are confidential (*Id.*).

5. The gist of the Foreign Litigation is a set of claims that Ehrman allegedly harassed Darmon, and allegedly published on the Relevant Websites certain photographs, private conversations, and other materials. Darmon essentially alleges that these materials were defamatory, violated his privacy, and put at risk his profession as an attorney in France. Ehrman denies that she has any liability to Darmon whatsoever (Ehrman Decl., ¶ 6).

6. Google is a Delaware corporation with its corporate headquarters at 1600 Ampitheatre Parkway, Mountain View, California (Ehrman Decl., ¶ 7 & Exh. 1). Google is not a party to any of the Foreign Litigation (*Id.* ¶ 7).

7. On or about September 6, 2012, an Israeli attorney representing Darmon wrote to 1&1 to claim that 1&1 was the web host for **raphaeldarmon.com**. The attorney also demanded that 1&1 immediately delete this particular domain name and tried to "forbid" the site's use on 1&1's server (Ehrman Decl., ¶ 8 & Exh. 2).

8. On or about September 22, 2012 this attorney repeated his request in a second letter to 1&1 (Ehrman Decl., ¶ 9 & Exh. 3).

9. On October 16, 2012, the Court in the First Action issued an order *ex parte*. That order was confidential, due to the personal and intimate nature of the subject matter of the claims (Ehrman Decl., ¶ 10). As a result, Darmon was not authorized to provide Google, 1&1, or anyone else outside the litigation with a copy of this order (*Id*).

10. On October 25, 2012 Darmon's attorney sent a letter to Yahoo! Inc., which states

that he is enclosing a copy of the confidential October 16, 2012 *ex parte* order from the First Action (Ehrman Decl., ¶ 11 & Exh. 4). Ehrman is further informed and believes that one or more of these communications between Darmon and Google involves and/or may have consisted of a copy of the confidential October 16, 2012 *ex parte* order from the First Action (Ehrman Decl., ¶ 11).

11. A search for Darmon using Google's search engine located at www.google.fr. results in a legend saying that certain search results have been deleted (Ehrman Decl. ¶ 12 & Exh. 5).

12. Ehrman is informed and believes that Darmon has communicated with Google with respect to suppressing search results for certain posts and websites that form the crux of the Foreign Litigation, and that Google in fact suppressed certain results regard Darmon (Ehrman Decl., ¶ 13).

13. Ehrman is not aware of any court order requiring the suppression of search results or the deletion of materials from the Relevant Websites (Ehrman Decl., ¶ 14).

14. Ehrman is further informed and believes and thereon alleges that one of the communications between Darmon and Google references or contains a purported order or other document from the proceeding mentioned above that is pending before the Tribunal de Grande Instance in Paris, France (Ehrman Decl., ¶ 15). Ehrman has never seen the French order or document in question, despite requests for any such material from the French authorities (*Id.*)

15. Ehrman has asked Darmon in one of the proceedings pending in Israel to produce a copy of his communications with Google regarding Ehrman and the posts about him on the Relevant Websites. The court in one of those proceedings asked Darmon to clarify whether he communicated with Google as to the removal of search results for one or more of the Relevant Websites, and to produce any such communications. Darmon produced nothing in response to the Court's request, and claims that no such communications exist (Ehrman Decl. ¶ 16).

16. Ehrman is unaware of any restrictions on discovery or the gathering of proof that would prohibit her from introducing into evidence any of the materials responsive to the proposed subpoena. She also intends to use the documents produced in her defense in each

piece of the Foreign Litigation that is still open (Ehrman Decl., ¶ 17).

WHEREFORE, Ehrman prays for relief as follows:

1. That the Court issue the subpoena to Google for the materials requested in the attached draft subpoena;

2. That the Court order such other and further relief as it deems just and proper.

Dated: October 25, 2016

LAW OFFICES OF
CHARLES R. PERRY

Charles R. Perry

Charles R. Perry
Attorneys for Applicant
Dalya Michal Ehrman

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Ehrman seeks the issuance of a subpoena that will require Google to produce its communications regarding a request under French law to suppress search results for Darmon on www.google.fr. The requested subpoena also asks for all of Google's communications with Darmon or an Internet Service Provider named 1&1, if the communications mention or discuss Ehrman or a set of websites on which material regarding Darmon was posted. These posts form the core of defamation and harassment allegations in three pending proceedings between Ehrman and Darmon in Israel and France. The communications with Google as to those posts and websites, or as to either Ehrman or Darmon with respect to those posts and websites, are relevant to issues in all those proceedings. For instance, they show whether Darmon has mitigated his damages, and they may show if Darmon violated an Israeli court order that was to be kept confidential and not circulated to third parties. Darmon to date has failed to produce his communications with Google, despite Ehrman's request therefor and a related directive to Darmon from the Israeli court.

This Court has authority pursuant to 28 U.S.C. § 1782 to issue the subpoena requested. That statute specifically allows the court to order discovery in foreign litigation upon request by

a party to the litigation, or any other interested person. Ehrman thus respectfully requests that her application for a subpoena be granted, so that she can obtain from Google various documents needed to defend herself in her litigation with Darmon.

**ARGUMENT**

This Court has the power to order the production of documents for use in a foreign proceeding. 28 U.S.C. § 1782(a). An application for such an order must satisfy three requirements: the documents must be sought from a person residing in this district; the discovery is to be used in a foreign proceeding; and the applicant is a foreign tribunal or an "interested person." *IPCOM GmbH & Co. KG v. Apple Inc.*, 61 F.Supp.3d 919, 922 (N.D. Cal. 2014). A party to the proceeding before the foreign tribunal is an "interested person." *Intel Corp. v. Advanced Micro Devices*, *Inc.,* 542 U.S. 241, 256.

The application at hand meets these requirements. Discovery is sought from Google, which is headquartered in Mountain View, California. Google is thus located in this district. The materials sought are to be used in pending proceedings in both Israel and in France, and Ehrman intends to use the materials produced in her defense in those proceedings. Ehrman is a party to those proceedings, and is therefore an interested person. The pending application thus satisfies the requirements of 28 U.S.C. § 1782(a), and should be granted.

The discretionary factors used to decide whether to issue a subpoena also support the granting of this application. The courts have identified four such factors: (1) whether or not the party from whom discovery is sought is a party to the foreign action; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and whether the foreign tribunal would be receptive to the material obtained by way of an American subpoena; (3) the existence of attempts to circumvent foreign policies on the gathering of evidence; and (4) whether the subpoena would be unduly burdensome or intrusive. *Intel*, *supra*, 542 U.S. at 264-65. These factors are to be weighed so that they promote the two goals of Section 1782: "providing effective assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to American courts." *Id.* at 252.

These factors all favor the issuance of the requested subpoena. Google is not a party to

either the Israeli or the French actions. As such, discovery through the foreign courts is not practical and may be out of reach but for a subpoena from this Court. *See Intel, supra*, 542 U.S. at 264 (first factor cuts in favor if discovery when person to be subpoenaed not a party to the foreign proceeding). The proceedings in Israel and France are civil and criminal matters involving claims of harassment, breach of privacy, and defamation, and are similar to matters heard in American courts. Discovery would be proper in an American action involving these claims. Several courts have noted that the courts in Israel have no issue with admitting evidence obtained by way of an American subpoena. *In Re Application of RSM Production Corp.*, 2016 U.S.Dist.LEXIS 82930, at 15 (S.D. Tex.); *In Re Application of Hallmark Capital Corp.* (D. Minn. 2008) 534 F.Supp.2d 951, 958. There are no attempts to circumvent foreign policies on the gathering of evidence. To the contrary, the Israeli court required Darmon to produce at least some the materials at issue. The subpoena also should not be burdensome, as it is limited to communications between well-defined parties on certain subjects over a well-defined period of time.

The relevance of the requested materials to the Israeli and French actions also supports the granting of the application at hand. The underlying actions all involve Darmon's allegations that Ehrman injured Darmon's reputation and violated his privacy by, among other things, posting material to the Relevant Websites. That material was taken down, and search results through www.Google.fr for one or more of those sites have been suppressed. Ehrman is entitled to see what Darmon and 1&1 told Google in connection with efforts to suppress those search results and with respect to the postings about him on the Relevant Websites, and to minimize whatever damage to Darmon's reputation supposedly occurred. Ehrman is also entitled to see if Darmon improperly distributed a non-public court order to Google. Darmon also advised the Israeli court that that he had no communications with Google regarding the suppression of search results. Ehrman is entitled to test the veracity of this statement. Communications from 1&1, on the other hand, are relevant because they will support Darmon's position that he did not communicate with Google regarding the suppression of search results. The documents thus are relevant to important elements of Ehrman's defense, and Ehrman

should accordingly be allowed to obtain them.

**CONCLUSION**

For the foregoing reasons, Ehrman respectfully asks this Court to grant the pending application, and to issue the subpoena for the records requested.

Dated: October 25, 2016

LAW OFFICES OF
CHARLES R. PERRY

Charles R Perry

Charles R. Perry
Attorneys for Applicant
Michal Ehrman